ADDISON,
*January*,
1839.

NATHAN D. SHERWOOD *v.* JOSEPH FRANCIS.

F. executed his note to H. payable to his order, which was indorsed to S. and notice given to the maker. Before notice of such indorsement, F. signed a note, with H., as his surety to B., and which F. had agreed to pay prior to notice, but which he did not pay till after notice.

Held that such payment by F. did not constitute such a claim against H., the original payee, as to enable F. to offset it against S., the indorsee, under the statute of 1793.

The facts in this case will appear from the opinion of the court, delivered by

BENNETT, J.—This action was brought by the plaintiff as indorsee of a promissory note, executed prior to the repeal of the statute restraining the negotiability of mercantile paper, and made payable to E. W. Hawley or order. With a view of effecting an offset on this note, the defendant filed his declaration on book, under the statute, against the payee of the note; and the case comes here on exceptions to the decision of the court below on the auditor's report. The auditor found the fact—and no question has been raised on the sufficiency of his finding—that Francis had notice of the transfer of the note on the 4th of March, 1836; and that, prior to that time, to wit, on the 20th January, 1836, he had signed a note, with Hawley as his surety, for $50, to the Bank of Vergennes, at three months, which Francis, prior to the notice of the indorsement, had agreed to pay, and which he subsequently did pay. The court below allowed this sum in the report of the auditor, as constituting a proper item of offset on the note, which was accordingly added to the report, and applied in offset to the note against the indorsee.

It is to be remarked, that the auditor does not report with whom the agreement was made by Francis to pay the note, or that there was any consideration, whatever, for the agreement; or, if a consideration, what it was. If the agreement was made with Hawley, that Francis should pay the note, upon a new consideration, and the note was paid on receipt of such consideration, then it follows that Francis would not become the creditor of Hawley by such payment.

If the agreement was without consideration, no obligation was imposed or rights conferred by such agreement; and if

Francis, after notice of the transfer of the note, proceeded to pay the note, under such *nudum pactum*, he must be regarded as a volunteer, and can have, neither at law nor in equity, any claim to make such payment the basis of an offset on the note against a *bona fide* indorsee for a valuable consideration, and without notice of such agreement, or the relation in which the signers stood upon the note to the bank. The judgment below, then, must be reversed, and judgment rendered on the report for the sum reported to be due as a balance from Hawley to Francis, on the 4th day of March, 1836, without reference to the fifty dollars, which judgment must constitute a legal offset on the note against the indorsee, and judgment rendered in the original suit accordingly.